Opinion issued June 17, 2004











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00293-CR
____________
 
GARRY OTIS HARDEN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from County Criminal Court at Law No. 9
Harris County, Texas
Trial Court Cause No. 1135670
 

 
 
MEMORANDUM OPINION
          The trial court found appellant, Garry Otis Harden, guilty of misdemeanor
driving while intoxicated and assessed his punishment at confinement for 180 days
and a $1,200 fine, suspended imposition of the sentence, and placed appellant on
community supervision for 18 months. In two issues, appellant contends that the trial
court erred in denying his motion to suppress evidence because the municipal police
officer who stopped him (1) did so outside his jurisdictional city limits and (2) was
not in “hot pursuit” of appellant. We affirm.
Background
          Williams Douglas testified that, on September 17, 2002, he drove his car onto
Highway 290 at the Bingle. Shortly after Douglas pulled his truck over to the
furthermost left-hand lane, appellant drove his truck so closely next to Douglas’s
truck that the side mirrors of their trucks struck. Douglas followed appellant for
another mile in the traffic and watched as appellant’s truck continued to “veer off into
the other lane a little bit and jerk back.”  
          Douglas contacted the Jersey Village Police Department and reported that
appellant appeared inebriated.


 A police dispatcher told Douglas that a police officer
would wait by the side of the road for Douglas to flash his headlights at him, and
then, the officer would follow appellant’s truck. At about one quarter of one mile
before the Jones Road exit, the officer pulled his patrol car in behind appellant’s
truck. 
          Jersey Village Police Officer M. Anderson testified that he pulled his patrol car
in behind appellant’s truck and watched him driving slower than the posted limits, but
the other drivers were afraid to pass him because he was “swerving all over the road.” 
Anderson watched appellant for about 30 seconds, and, then, he turned on his
emergency lights and siren. Appellant continued driving for almost three minutes
before stopping. Appellant swerved into other lanes six or seven times before he
finally pulled over and stopped on the access road at Huffmeister and 290. 
          Keith Bell, appellant’s private investigator, testified that the Jersey Village city
limits end approximately where the sign designating the end of the high occupancy
vehicle (HOV) lane is located close to Highway 6. Bell estimated that appellant was
actually stopped between 1200 and 1500 feet beyond the Jersey Village city limits. 
Bell conceded that Officer Anderson’s pursuit of appellant began before they left the
Jersey Village city limits. The trial court denied appellant’s motion to suppress. 
Motion to Suppress
          In two issues, appellant contends that Officer Anderson (1) stopped appellant
outside Jersey Village city limits and (2) was not in “hot pursuit” of appellant.
          In reviewing the trial court’s ruling on a motion to suppress evidence, we defer
to the trial court’s determination of facts, particularly when the trial court’s findings
turn on an evaluation of the credibility and demeanor of the witnesses. Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We apply the same deference in
reviewing the trial court’s rulings on mixed questions of law and fact if they turn
upon a similar credibility evaluation. Id. If a mixed question of law and fact does not
turn on a witness’s credibility and demeanor, however, we review the trial court’s
determination de novo. Id.
          Appellant does not argue that Officer Anderson lacked reasonable suspicion
to initially detain appellant or probable cause for his subsequent arrest. Rather,
appellant argues that Anderson acted illegally by initially detaining appellant outside
Jersey Village city limits, and that any evidence he obtained as a result should have
been suppressed under the Texas Code of Criminal Procedure because any evidence
“obtained in violation of the law” should be suppressed. See Tex. Code Crim. Proc.
Ann. art. 38.23(a) (Vernon Supp. 2004).  
          The trial court made no findings of fact or conclusions of law when it denied
appellant’s motion to suppress evidence. The trial court did, however, comment at
the hearing that going 25 miles per hour in a 50 miles per hour zone was “comparable
to obstructing a highway or passageway. That occurred within the jurisdiction of
Jersey Village.” 
          More than 50 years ago, the Texas Court of Criminal Appeals’s leading case
on “hot pursuit” held that 
. . . where a police officer has the right to arrest without warrant for an
offense committed within the confines of his city and initiates a pursuit
of the malefactor, being in immediate pursuit, he can continue such
pursuit, although such continuance leads him outside the corporate
limits of the city, if necessary. . . . 

Minor v. State, 219 S.W.2d 467, 470 (Tex. Crim. App. 1949). In 2003, the Court of 
Criminal Appeals clarified Minor and explained that the “hot pursuit” doctrine does
not only apply in situations where the police have “the right to arrest” when they
began to “follow” the defendant. Yeager v. State, 104 S.W.3d 103, 106 (Tex. Crim.
App. 2003) (citing Minor, 219 S.W.2d at 469 (police had “the right to arrest”
defendant for speeding when the police began to “follow” him)). The Yeager court
went on to hold that Minor could have reached the same result even if the police had
only the “right to conduct an investigative detention” when they began to “follow”
the defendant. Yeager, 104 S.W.3d at 106.
          Under the “hot pursuit” doctrine, the relevant consideration in this case is
whether the initial “pursuit” was “lawfully initiated on the ground of suspicion.” Id.
at 107. Here, the record supports an implied finding by the trial court that Officer
Anderson’s “pursuit” of appellant was “lawfully initiated on the ground of suspicion”
because the evidence reveals that the pursuit began within Jersey Village and was
based on reasonable suspicion that appellant was driving while intoxicated. See id. 
We, therefore, hold that the trial court did not err in denying appellant’s motion to
suppress evidence on the ground that Officer Anderson stopped appellant outside of
Jersey Village city limits. 
          Appellant also contends that there was no “pursuit” within Officer Anderson’s
jurisdictional limits. We disagree. “Pursue” means, among other things, to “follow”
or “chase.” Id. at 106 (citing Webster’s II New College Dictionary 900 (1999)). 
Although the term “hot” brings to mind a television-type police chase, “hot” means
immediate or uninterrupted pursuit. The Yeager court noted that, “even if ‘chase’ and
‘pursuit’ are defined not to include ‘follow,’ the ‘hot pursuit’ doctrine does not
necessarily . . . involve ‘some element of a chase.’” Id. Therefore, there need not be
a “chase” for the “hot pursuit” doctrine to apply. 
          Accordingly, we hold that the trial court did not err in denying appellant’s
motion to suppress evidence on the grounds that Officer Anderson was not in “hot
pursuit” of appellant. We overrule appellant’s two points of error.
 
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).